PROB 12
(Rev. 10/93)

# United States District Court

for the

### Eastern District of Pennsylvania

November 18, 2020

U.S.A. vs. Brian Horter                                    Case No.:  2:17CR00368-001

## VIOLATION OF SUPERVISED RELEASE

COMES NOW MATTHEW J. WILSON U.S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Brian Horter who was placed on supervised release by the Honorable Gene E.K. Pratter sitting in the Court at Philadelphia, PA, on the 21st day of November, 2017, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Possession of a firearm by a convicted felon (Count One) and possession of an unregistered destructive device (Count Two) |
| ORIGINAL SENTENCE: | Custody of the U.S. Bureau of Prisons for a period of 46 months on Counts One and Two, such terms to be served concurrently, to be followed by three years of supervised release on each of Count One and Two to be served concurrently. A $200.00 special assessment was ordered. |
| SPECIAL CONDITIONS: | 1) While the defendant is on supervised release, he shall serve 75 hours of community service per year. The community service shall be performed at a non-profit organization to be determined by the defendant in consultation with the probation officer; 2) The defendant shall participate in a mental health program for evaluation and/or treatment and shall abide by the rules of any such program until satisfactorily discharged; 3) The defendant shall refrain from illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall participate in drug treatment and shall abide by the rules of any such program until satisfactorily discharged; 4) The defendant shall participate in a program at the direction of the probation officer aimed learning a vocation, or improving the defendants literacy, education level, or employment skills in order to develop or improve skills needed to obtain and maintain gainful employment. The defendant shall remain in any recommended program until completed or until such time as the defendant is released from the attendance by the probation officer. |

RE:   **HORTER, Brian**
Case:   **2:17CR00368-01**

SUPERVISION
COMMENCED:                    November 15, 2019

SUPERVISION
TERMINATES:                    November 14, 2022

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of their supervision under such circumstances as may warrant revocation. This condition is:

A.   Mandatory Condition: The defendant must not commit another federal, state, or local crime.

On November 9, 2020, this officer received a voicemail from Detective Thomas Anderosky from the Philadelphia Police Department (PPD) who alerted this officer that Mr. Horter had been shot and subsequently interviewed by police on November 7, 2020. He stated that Mr. Horter was uncooperative during the interview.

This officer spoke to Mr. Horter by phone. He stated that on Saturday night (November 7, 2020) he was walking his dog in the Wissinoming Park in the northeast section of Philadelphia when the incident occurred. He added that a man approached him with a firearm and stated, "Give me what you got." Mr. Horter stated that the man was wearing a face mask and a hooded sweatshirt. He stated that the individual pointed the gun at him and that he attempted to knock the gun away. Mr. Horter added that when this happened, he was shot in the wrist and the assailant fled. He stated that he laid on the ground for a short period of time, and then took himself to the hospital.

According to the Affidavit of Probable Cause, on November 7, 2020, PPD officers inside Jefferson Frankford Hospital were alerted by hospital personnel that a male had just walked into the hospital with a gunshot wound to his left hand. Officers met with the individual, later determined to be Brian Horter, who told officers that he was hanging out with his friends inside the Wissinoming Park located at or near 5700 Frankford Avenue. He stated that he was handling his friend's firearm when it negligently discharged, striking him in his left hand. Mr. Horter stated that his friends dropped him off at the hospital.

The park was surveyed for a crime scene with negative results as no firearm was recovered. Mr. Horter became very uncooperative with the detectives at the hospital and refused to give a statement after being read his rights by detectives. An inquiry by police revealed that Mr. Horter did not possess a valid permit to carry a firearm and that he is prohibited from possessing a firearm due to a disqualifying conviction.

RE:    **HORTER, Brian**
Case:  **2:17CR00368-01**

Consequently, a local warrant has been issued for Mr. Horter's arrest pursuant to the above incident. Mr. Horter has been charged with the following offenses: violation of the Uniform Firearms Act-former convict (a first degree felony); violation of the Uniform Firearms Act-no license (a third degree felony); violation of the Uniform Firearms Act-firearm on streets (a first degree misdemeanor); possessing an instrument of a crime (a first degree misdemeanor); and recklessly endangering another person (a second degree misdemeanor).

The above warrant has not yet been executed and Mr. Horter remains in the community.

### GRADE OF VIOLATION                                                         **B**

PRAYING THAT THE COURT WILL ORDER...

**THE ISSUANCE OF A WARRANT FOR THE NAMED SUPERVISED RELEASEE TO BE ARRESTED AND BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING.**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Jonathan J. Henshaw
Digitally signed by Jonathan J. Henshaw
Date: 2020.11.18 11:31:30 -05'00'

Jonathan J. Henshaw
Supervising U.S. Probation Officer

Place:  Philadelphia, PA
Date:   November 18, 2020

MJW

cc:    Assistant U.S. Attorney
       Defense Attorney
       U.S. Marshals – Warrant Squad

### ORDER OF THE COURT

Considered and ordered this _____18th_____ day
of _____November_____, 2020, and ordered filed
and made part of the records in the above case.

The Honorable Gene E.K. Pratter
U.S. District Court Judge

3

## INFORMATION SHEET FOR REVOCATION OF SUPERVISION

**United States of America**    )      Case No.:  2:17CR00368-001

         vs.    )

    Brian Horter    )

Defendant's last known Address and           5742 Frankford Avenue
Telephone Number:                             Apartment C4
                                          Philadelphia, PA 19135
                                          215-254-4775

Defendant is in custody at:             N/A

Defendant's last known Counsel        Maranna J. Meehan, Esquire
Address and                              Suite 540 West, The Curtis Center Building
Telephone Number:                    Independence Square West
                                          Philadelphia, PA 19106
                                          215-928-1100

Assistant U.S. Attorney             Jennifer A. Williams, Esquire
Address and                              615 Chestnut Street, Suite 1250
Telephone Number:                    Philadelphia, PA 19106
                                          215-861-8474

Jonathan J. Henshaw
Digitally signed by Jonathan J. Henshaw
Date: 2020.11.18 11:31:45 -05'00'

for:    Matthew Wilson
       Senior U.S. Probation Officer
       Telephone No. 267-299-4622

## PROBATION AND SUPERVISED RELEASE VIOLATIONS

### Classification of Violations

(a)   There are three grades of probation and supervised release violations:

   (1)   Grade A Violations -- conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. §5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

   (2)   Grade B Violations -- conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

   (3)   Grade C Violations -- conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

(b)   Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

### REVOCATION TABLE
### (in months of imprisonment)

#### Criminal History Category*

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| Grade C | 3-9 | 4-10 | 5-11 | 6-1 | 7-13 | 8-14 |
| Grade B | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |

Grade A   (1) Except as provided in subdivision (2) below:

| | | | | | |
|---|---|---|---|---|---|
| 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |

(2) Where the defendant was on probation or supervised release as a result of a sentence for a Class A felony:

| | | | | | |
|---|---|---|---|---|---|
| 24-30 | 27-33 | 3-37 | 37-46 | 46-57 | 51-63 |

\*   The criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision.

Note: Mandatory revocation of probation is required when the new offense is possession of a firearm or the illegal possession of controlled substances. Reference Sections 6214 and 7303 respectively of the Anti-Drug Abuse Act of 1988 (Pub S No. 100-690, November 18, 1988).

Note: The Commission leaves to the Court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes a possession of a controlled substance "as set forth in 18, USC 3565(a) and 3583(g)."

2